UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60722-CV-COHN

JET PAY, LLC, a Texas limited liability company,

Magistrate Judge Seltzer

    Plaintiff,

vs.

RJD STORES, LLC, d/b/a THE BEDROOM SPACE,
a Florida limited liability company, and
HEATHER CANDICE FINGERER,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS COMPLAINT AS TO COUNT II
## ORDER GRANTING LEAVE TO AMEND

**THIS CAUSE** is before the Court upon Defendant Heather Candice Fingerer's Motion to Dismiss Complaint [DE 8], Plaintiff's Response to the Motion [DE 10], and Defendant's Reply [DE 18].  The Court has carefully considered the motion, response and reply and is otherwise fully advised in the premises.  The motion became ripe on May 16, 2011.

### I.  BACKGROUND

Plaintiff Jet Pay, LLC ("Jet Pay") filed this action against RJD Stores, LLC, d/b/a The Bedroom Space ("RJD LLC"), and individual defendant Heather Fingerer.  Jet Pay's Complaint asserts a claim against RJD LLC for breach of a Merchant Agreement by failing to pay monies due and owing to Jet Pay for credit card processing services.  Complaint, ¶¶ 8-9, 14-15.  Jet Pay also seeks to enforce a personal guarantee of the Agreement against Heather Fingerer.  Id. ¶¶ 10, 19.  Defendant Fingerer moves to dismiss the Complaint.  Since only RJD LLC is named in Count I (and not Fingerer), the

Court construes the motion as one to dismiss Count II.[1]

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true,

---

[1] RJD LLC did not respond to the Complaint.  Upon Plaintiff's motion [DE 11], the Clerk of Court entered default as to Defendant RJD Stores, LLC [DE 17].

2

but only well-pleaded factual allegations are entitled to an assumption of truth.

Defendant Fingerer moves to dismiss the claim against her because the Merchant Agreement is between Plaintiff and "RJD Stores Group, Inc.," a separate entity from Defendant RJD Stores, LLC.  See Exhibit A to Complaint [DE 1-4].  While the "Merchant Name" listed in the Agreement is "The Bedroom Space," the "Corporate/Legal Name (if different)" is identified as RJD Stores Group, Inc.  Fingerer contends that Plaintiff cannot enforce the Agreement against her because she did not guarantee the debts of Defendant RJD Stores, LLC in the Agreement.[2]

Plaintiff Jet Pay argues that the plain terms in the Agreement of the "Guarantor of Payment" section signed by Fingerer was for the debts of the designated "Merchant," which is identified in the Agreement as "The Bedroom Space."  However, as "The Bedroom Space" is a trade name, Jet Pay supports its response to the motion with exhibits from the Florida Secretary of State that show that RJD Stores, LLC, the corporate Defendant in this case, is the owner of the fictitious business name, "The Bedroom Space."  Exhibit B to Response [DE 10-2].  In addition, Heather C. Fingerer is the Secretary of RJD Stores, LLC, again according to records from the website of the Florida Secretary of State [DE 10-3].  Plaintiff asks this Court to rely upon these exhibits under the authority of <u>Maxcess, Inc. v. Lucent Technologies, Inc.</u>, 433 f.3d 1337, 1340, n.3 (11th Cir. 2005) ("a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of

---

[2] Defendant Fingerer also notes that RJD Stores Group, Inc. commenced an assignment for the benefit of creditors proceeding in Broward County Circuit Court in April of 2010.

authenticity."); see also SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010).

In her reply, Defendant Fingerer objects to Plaintiff's reliance upon previously unmentioned documents and Florida's Fictitious Name Act. Fingerer argues that under Florida law, "a fictitious name has no independent legal existence." Worm World, Inc. v. Ironwood Productions, Inc., 917 So.2d 274, 275 (Fla. Dist. Ct. App. 2005). Fingerer contends that more than one company can use a fictitious name. Finally, Fingerer asserts that if Plaintiff is attempting to argue that the entity behind The Bedroom Space mentioned in the Agreement is in fact RJD Stores, LLC, or that RJD Stores Group, Inc. was the contracting party, then Plaintiff should be required to amend its complaint to state such claims.

Upon review of these competing arguments, it is not entirely clear to the Court that Defendant's legal contentions directly apply to the claims brought by Plaintiff. Nonetheless, because the Agreement does not mention Defendant RJD Stores, LLC and an extra step not discussed in the Complaint is required to link Defendant Fingerer to RJD Stores, LLC, Plaintiff should be required to file an amended complaint.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Heather Candice Fingerer's Motion to Dismiss Complaint [DE 8] is hereby **GRANTED, without prejudice**;

2. Plaintiff may file an Amended Complaint by May 31, 2011 by filing a separate

entity in the CM/ECF system;

3. Failure to file an amended complaint by this deadline will result in the dismissal of Defendant Fingerer.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of May, 2011.

JAMES I. COHN
United States District Judge

copies to:

counsel of record on CM/ECF

RJD Stores, LLC
c/o David Fingerer
3351 N. 41st Ct.
Hollywood, FL