## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 11-60722-CIV-ROSENBAUM

CONSENT CASE

JET PAY, LLC,
a Texas limited liability company,

      Plaintiff,

vs.

RJD STORES, LLC d/b/a THE BEDROOM
SPACE, a Florida limited liability company, and
HEATHER CANDICE FINGERER, an individual,

      Defendants.

_____/

### <u>ORDER</u>

This matter is before the Court upon Plaintiff Jet Pay, LLC's Motion for Attorneys' Fees and Costs [D.E. 46]. Despite the Court's entry of an Order to Show Cause why Plaintiff's Motion should not be granted, *see* D.E. 55, Defendant RJD Stores, LLC, has failed to respond to Jet Pay, LLC's Motion for Attorneys' Fees and Costs. The Court has reviewed Plaintiff's Motion and the Court file and is otherwise duly advised in the premises. After careful consideration, the Court now grants Plaintiff's Motion for the reasons set forth below.

### *BACKGROUND*

In the underlying matter, Plaintiff Jet Pay, LLC ("Jet Pay"), filed suit against Defendant RJD Stores, LLC ("RJD"), seeking damages for breach of contract. Specifically, the Second Amended Complaint [D.E. 39] set forth a claim against RJD for breach of contract relating to RJD's alleged failure to pay contract monies it owed to Jet Pay for credit-card-processing services under a document referred to as the Merchant Agreement. RJD was duly served with a copy of the

Summons and Complaint filed in this case on April 11, 2011.  [D.E. 5].  Plaintiff likewise served

RJD with a copy of the Second Amended Complaint.  *See* D.E. 39 at 5 (certifying service on RJD).

RJD failed to file an appropriate motion or responsive pleading within the time prescribed by law.

Consequently, the Clerk of the Court entered a Default against RJD on May 10, 2011, and

subsequently granted a Default Final Judgment against RJD on August 24, 2011, pursuant to Rule

55(b), Fed. R. Civ. P. [D.E. 17 and D.E. 43].

Thereafter, Jet Pay filed a Motion for Attorneys' Fees and Costs [D.E. 46] against RJD on

October 19, 2011, pursuant to a provision contained in the Merchant Agreement.  The Court entered

an Order to Show Cause [D.E. 55] on November 11, 2011, why Plaintiff Jet Pay's Motion for

Attorneys' Fees and Costs against RJD [D.E. 46] should not be granted, directing RJD to respond

to Jet Pay's Motion for Attorneys' Fees and Costs by no later than November 28, 2011.  *See* D.E.

55.  Although the Court expressly warned that failure to comply with the Order could constitute

grounds for the Court to grant Jet Pay's Motion for Attorneys' Fees and Costs by default, RJD failed

to respond to the Order to Show Cause and to Plaintiff's Motion for Attorneys' Fees and Costs.

Nonetheless, the Court considers Plaintiff's Motion on its merits.

## *ANALYSIS*

**A.**    *Entitlement to Attorneys' Fees*

Jet Pay claims that the language contained in the Merchant Agreement between Jet Pay and

RJD entitles it to an award of attorneys' fees.  Specifically, paragraph 33 of the Merchant Agreement

states,

> [RJD] agrees to indemnify and hold Bank and Jet Pay harmless from
> any and all losses, claims, damages, liabilities, expenses, including
> attorneys' fees and costs . . . arising out of . . . [RJD's] failure to
> comply with this Agreement.

2

*See* D.E. 1.  Relying on this provision, Jet Pay argues that it filed the lawsuit after RJD failed and refused to pay Jet Pay the contract monies due for credit-card-processing services under the Merchant Agreement.  As a direct and proximate result of the alleged breach, Jet Pay continues, it suffered damages.  Consequently, Jet Pay asserts, it was forced to retain attorneys to prosecute the action on Jet Pay's behalf, and RJD is obligated to pay Jet Pay for the resulting attorneys' fees.

RJD has filed nothing in response to Jet Pay's Motion, and it has failed to respond to the Court's Order to Show Cause why Jet Pay's Motion for  Attorneys' Fees and Costs should not be granted.  After careful review of the Merchant Agreement, the Court agrees that Jet Pay is entitled to an award of its reasonable attorneys' fees, as the parties' Agreement expressly provides for the award of "attorneys' fees and costs . . . arising out of . . . [RJD's] failure to comply with [the Merchant Agreement]," and the Court has already entered judgment against RJD finding that "RJD failed to pay contract monies due and owing to Jet Pay as required by the Merchant Application and Agreement."  D.E. 43 at 2.

**B.**     ***Calculation of Attorneys' Fees***

This Circuit has adopted the lodestar method to determine reasonable attorneys' fees. *Norman v. The Housing Auth. of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). Nevertheless, while the Eleventh Circuit set forth the lodestar approach in *Norman*, it reiterated that at least some of the factors articulated in the older *Johnson v. Georgia Highway Express, Inc.*, 488

F.2d 714 (5th Cir. 1974),[1] still have some utility in establishing the hourly rate.[2] *Norman*, 836 F.2d at 1299.

In computing the lodestar, the Court must first determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rate and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303).

Once the hourly rate is set, the Court must determine the reasonable number of hours

---

[1]    The Eleventh Circuit followed the *Johnson* factors for many years in setting a reasonable attorneys' fee. In *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546 (1986), however, the Supreme Court moved away from using the *Johnson* factors in determining fees and adopted the more objective and predictable lodestar formula.

[2]    The twelve *Johnson* factors that may be considered when setting a fee include the following:

> (1) the time and labor required;
> (2) the novelty and difficulty of the issues;
> (3) the skill required to perform the legal services properly;
> (4) the preclusion of other employment;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) the time limitations imposed by the client or circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation and ability of the attorneys;
> (10) the undesirability of the case;
> (11) the nature and length of professional relationship with the client; and
> (12) the awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

4

expended in the litigation. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation. *See ACLU of Ga.*, 168 F.3d at 428. So that the Court may accurately determine the amount of fees to be awarded, the fee applicant must provide the Court with specific and detailed evidence. *Id.* If the party moving for the fees fails to exercise required billing judgment, the Court is obligated to do so by reducing the number of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." *Id*.

In its present Motion, Plaintiff requests attorneys' fees for the period from April 2011 through the end of November 2011. Jet Pay seeks to be awarded fees at the hourly rates of $300.00 for attorney Michael Peterson and $200.00 for attorney Daniel Halley. Additionally, Jet Pay seeks taxable costs of $295.00 for filing and service of process.

In support of its Motion, Jet Pay submitted an affidavit executed by Peterson [D.E. 47] in compliance with Local Rule 7.3, S.D. Fla. In his affidavit, Peterson attested that he has been a licensed attorney since 1993, practicing in the areas of construction and commercial litigation. He similarly stated that Halley has served as a licensed attorney since 2009, also specializing in the areas of construction and commercial litigation. Finally, the affidavit includes the number of hours expended by each attorney and a general description of the tasks each attorney performed.

As *Norman* made clear, "The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." 836 F.2d at 1303

(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Based on the Court's own experience and knowledge of prevailing market rates for similar services in the South Florida legal community, and based on the Court's review of Peterson's qualifications, the Court finds that an hourly rate of $300.00 for Peterson is reasonable and appropriate.  Likewise, the Court finds that the hourly rate of $200.00 for Halley is reasonable and appropriate,[3] especially considering that there has been no opposition to the hourly rates sought.

The Court next turns to the reasonableness of the hours expended by Plaintiff's counsel.  The Court has reviewed the details of the work performed as set forth by counsel to determine whether the hours expended in this matter were excessive, redundant, or otherwise unnecessary in the exercise of billing judgment.  *Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 738 (11th Cir. 1988).  According to Peterson's affidavit, Peterson expended 1.8 total hours, and Halley spent 7.95 total hours in performing tasks in furtherance of obtaining the default judgment against RJD.

Although RJD has not objected because it has not responded at all, the Court has fully reviewed the work performed and finds that 9.75 total hours was a reasonable expenditure of time for the work completed.  Thus, multiplying the reasonable number of hours expended by counsel, by the applicable reasonable hourly rates results in a lodestar amount of $2,130.00.[4]

---

[3]In this district, awards in excess of $200 per hour have been permitted for attorneys who have practiced for two years.  *See, e.g.*, *Nukote Int'l, Inc. v. Office Depot, Inc.*, 2011 WL 2837466 (S.D. Fla. Apr. 11, 2011) (awarding $224.00 per hour), *objections sustained on a different ground*, 2011 WL 2784565 (S.D. Fla. July 14, 2011).

[4]($300 x 1.8 hours) + ($200 x 7.95 hours) = $2,130.00

**C.**    *Costs and Expenses*

Plaintiff also seeks reimbursement for $295.00 in costs incurred during the litigation period. According to Jet Pay, these costs were incurred for filing and service of process. Again, RJD did not file any opposition to dispute the costs sought by Jet Pay.

Upon consideration, the Court finds that these expenses sought by Jet Pay were necessary and are reasonable under the circumstances. Particularly in light of the lack of any objection, the undersigned, therefore, recommends a finding that all the costs sought by Jet Pay are compensable and amount to a total of $295.00 in costs and expenses.

**D.**    *Total Award of Fees and Costs*

Overall, the Court has considered each of the factors set forth in *In re Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), that govern the reasonableness of fees. Based on a thorough review, the Court grants Plaintiff's Motion for Attorneys' Fees and Costs [D.E. 46]. Accordingly, the Court awards Jet Pay $2,130.00 in attorneys' fees and $295.00 in costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees and Costs [D.E. 46] is **GRANTED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of January 2012.

ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:    Counsel of Record

7