UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60722-CIV-ROSENBAUM (CONSENT)

JET PAY, LLC,
a Texas limited liability company,

    Plaintiff,

vs.

RJD STORES, LLC d/b/a THE BEDROOM
SPACE a Florida limited liability company, and
HEATHER CANDICE FINGERER, and individual,

    Defendants.
_____/

## ORDER REQUIRING BRIEFING

This matter is before the Court on Plaintiff's Motion for Reconsideration [D.E. 72] of the Court's March 6, 2012, Order denying Plaintiff Jet Pay, LLC's Motion for Summary Judgment Against Defendant Heather Fingerer. [D.E. 61]. The Court has considered the Motion for Reconsideration, Fingerer's Response to Jet Pay's Motion [D.E. 75], Jet Pay's Reply [D.E. 76], and the record in this case, and now requires additional briefing by the parties.

In its Motion for Reconsideration, Jet Pay argues that the parol evidence of record in this case removes any ambiguity as to whether Jet Pay contracted with RJD, LLC, or RJD Stores, Inc., in the Agreement. In support of this contention, Jet Pay cites the Court's recitation of the material facts not in controversy:

> The parties do not dispute that Jet Pay provided credit-card processing services to RJD, LLC, and RJD, LLC, was the entity that utilized the services of Jet Pay. D.E. 61 at 3, ¶¶ 9-10; D.E. 68 at 5, ¶ 16. It is further undisputed that monies are owed from RJD, LLC, to Jet Pay, for the credit-card processing services rendered by Jet Pay. D.E. 61 at 4, ¶ 13; D.E. 61-1 at 46. Specifically, Jet Pay obtained a judgment against RJD, LLC, in the amount of $247,045.09, exclusive

>of interest, attorney's fees and costs, for damages incurred as a result of RJD, LLC's failure to pay contract monies due and owing to Jet Pay for credit-card processing services performed by Jet Pay as required by the Agreement.  D.E. 61 at 4, ¶ 15; D.E. 61-1 at 22-24.

D.E. 72 at 2-3.  Jet Pay asserts that because the Court found as undisputed facts that RJD, LLC, was the party that accepted Jet Pay's services under the Agreement and that RJD, LLC, is presently indebted to Jet Pay for those services, it is clear that the parties intended that RJD, LLC, was the "Merchant" under the Agreement.  *Id.* at 3-4.  Consequently, Jet Pay reasons, as a matter of law, Fingerer guaranteed RJD, LLC's payment, and Jet Pay is entitled to summary judgment against Fingerer.  *Id.* at 4.  The Court understands Jet Pay's argument to suggest that the principles of *res judicata* or collateral estoppel require a finding that Fingerer is bound in Count II by the default judgment against RJD, LLC, in Count I, finding that RJD, LLC, owes monies to Jet Pay under the Agreement, although Jet Pay does not flesh out this argument.[1]  And, perhaps for that reason, Fingerer does not respond to it.

In *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 498 (2001), the Supreme Court explained that when a federal court exercises diversity jurisdiction, the preclusive effect of that court's judgment is governed by federal common law, which in turn borrows the preclusion law of the state in which the rendering federal court sits.  As applied in *Semtek*, the Supreme Court held that a Maryland court was required to apply the claim preclusion law of California where a California federal court sitting in diversity had issued a judgment dismissing the plaintiff's claims on statute

---

[1]The Court considers this argument to constitute part and parcel of Jet Pay's original argument in its Motion for Summary Judgment that no material issue of fact exists regarding who the "Merchant" in the Agreement is.  Indeed, in her Opposition to Jet Pay's Motion for Summary Judgment, Fingerer conclusorily remarks, "This judgment, having arisen by RJD, LLC's default, does not preclude any of Heather Fingerer's defenses to this action under collateral estoppel doctrine." (citing *Bush v. Balfour Beatty Bahamas, Ltd.*, 62 F.3d 1319, 1323 (11th Cir. 1995)).

of limitations grounds. *Id.* at 509. The Court ruled that since state, rather than federal, substantive law was at issue, no need for a uniform federal rule existed. *Id.* at 508. "Indeed, nationwide uniformity in the substance of the matter is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been ordered by a state or federal court." *Id.* In so ruling, the Court explicitly upheld *Dupasseur v. Rochereau*, 88 U.S. 130 (1874), for diversity cases, which held that the *res judicata* effect of a federal diversity judgment "is such as would belong to judgments of the State courts rendered under similar circumstances." *Id.*

Although *Semtek* involved the claim preclusive effect of a dismissal on statute-of-limitations grounds, its holding has consistently been interpreted to encompass federal diversity judgments in general. *See e.g. Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the state in which the rendering court sits"). Put simply, "federal common law determines the scope of judgments rendered by federal courts sitting in diversity. Under federal common law, an enforcing court should apply the law of the state courts in the state where the rendering federal court sits." *Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc.*, 404 F.3d 1297, 1310 (11th Cir. 2005). Because the Default Judgment against RJD, LLC, was rendered by this Court while sitting in diversity, the claim-preclusive effect of the Default Judgment is governed by Texas state law. *See also Maher v. City of New Orleans*, 516 F.2d 1051, 1056 (5th Cir. 1975)[2] ("Where federal jurisdiction is bottomed on state law, as in a diversity matter, state law principles of collateral estoppel govern . . . .").

Thus, the Court directs the parties to each file a brief regarding what, if any, claim or issue-preclusive effect the default judgment against RJD, LLC, might have against Fingerer under Texas

---

[2]Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

law.  In light of the upcoming trial, the parties shall file their briefs by **April 19, 2012**.

**DONE AND ORDERED** at Fort Lauderdale, this 12th day of April 2012.

*[signature]*
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:   Counsel of record